PER CURIAM.
James appeals his conviction and sentence for uttering a forgery. His contention on appeal is that the trial court erred when it excluded a defense witnesses’ rebuttal testimony because the defense failed to disclose the name of the witness during discovery. The trial judge found that the discovery violation was intentional, and would have prejudiced the state.
Trial courts have broad discretion in making such findings,[1] and the record demonstrates no basis for us to conclude the trial court abused its discretion with regard to these rulings. Further, any error in this regard was harmless in this case because the next witness called by the defense testified to the same facts sought to be elicited from the excluded witness. Thus the excluded testimony was cumulative, at best. See § 924.051(7), Fla. Stat. (1997) (judgment may not be reversed absent an express finding that prejudicial error occurred in the trial court).
AFFIRMED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.

. See Hunter v. State, 660 So.2d 244 (Fla.1995); Sinclair v. State, 657 So.2d 1138 (Fla.1995).